# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**THOMAS MASONE,**

              **Plaintiff,**

-vs-                      **Case No. 6:07-cv-107-Orl-31JGG**

**MICHAEL LIBESKIND,**

              **Defendant.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration without oral argument on the following motions:

> **MOTION:**     **PLAINTIFF'S "OBJECTION TO REMOVAL" (Doc. No. 6)**
>
> **FILED:**     **January 25, 2007**
>
> _____
>
> **THEREON** it is **RECOMMENDED** that Plaintiff's "Objection to Removal" be interpreted as a motion to remand, and that the motion be **GRANTED** in part and **DENIED** in part.
>     This Court lacks subject matter jurisdiction over the case, and the case should be remanded to Circuit Court of the Eighteenth Judicial Circuit for Brevard County, Florida, *Masone v. Libeskind*, Case No. 05-2006-CA-068121. Plaintiff's motion asking the Court to set aside an order dismissing a different but related case for lack of personal jurisdiction and to allow the parties to "continue with case management" should be **DENIED**.

> **MOTION:** **DEFENDANT'S MOTION TO DISMISS (Doc. No. 10)**
>
> **FILED:** January 26, 2007
>
> ---
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED** as moot.

Plaintiff Thomas Masone seeks to remand this case to the Circuit Court of the Eighteenth Judicial Circuit for Brevard County Florida, where the case was originally filed on December 15, 2006. Docket No. 6. Plaintiff argues that this Court does not have jurisdiction over the case because his original complaint alleges that the amount in controversy will not exceed $75,000. Defendant Michael Libeskind counters that the complaint contains inconsistent allegations on the amount of damages. Defendant has also filed a motion to dismiss the entire action on the grounds of *res judicata* or collateral estoppel,[1] lack of personal jurisdiction, improper service, and failure to state a claim for libel. Docket No. 10. Remand is required because this court does not have original jurisdiction over the claims asserted.

**I.    THE LAW**

As a general rule, the removal of a civil action from state court to federal court is governed by 28 U.S.C. § 1441. Section 1441 provides, in relevant part, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States . . ." 28 U.S.C. § 1441(a). Original jurisdiction may be based on diversity of citizenship, which exists in civil actions "between citizens of different states" in which the amount in controversy exceeds $75,000, exclusive of interest

---

[1] Prior to initiating this case, Plaintiff filed a similar action against Defendant. *See Masone v. Libeskind,* 6:06-cv-1242-Orl-31JGG.

and costs. 28 U.S.C. § 1332(a). The district court must remand the case any time before final judgment if the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c) The removal statute is construed narrowly, with all doubts resolved against removal. *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996); *see also Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 107-09 (1941). The party seeking removal bears the burden of establishing jurisdiction. *Diaz*, 85 F.3d at 1505.

In this case, the parties do not dispute that diversity of citizenship exists. *See* Docket No. 1 at 2, ¶ 5. Instead, the parties disagree as to whether the amount in controversy exceeds $75,000. If the plaintiff has specifically claimed less than the requisite jurisdictional amount in controversy in state court, the defendant must prove to a "legal certainty" that if the plaintiff prevailed, the plaintiff would not recover below the jurisdictional amount. *See* Burns *v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 (11th Cir.1994) (where plaintiff asserted in her *ad damnum* clause that she sought "not more than $45,000 plus costs"); *see also St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938) (holding that "unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith [and] it must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal").

Where the plaintiff does not specifically allege an amount in controversy or the total amount in damages demanded, the removing defendant must prove the amount in controversy by a preponderance of the evidence. *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356 (11th Cir.1996), *overruled on other grounds by Office Depot v. Cohen*, 204 F.3d 1069 (11th Cir. 2000); *Leonard v. Enterprise Rent A Car*, 279 F.3d 967, 972 (11th Cir.2002). Removal is proper if it is "facially apparent" from the complaint that the amount in controversy exceeds the jurisdictional requirement. *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir.2001). If the amount in

controversy is not facially apparent from the complaint, the district court should examine the notice of removal and any relevant evidence submitted by the parties. *Id.* A mere "conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden." *Id.* at 1319-20.

## II.   APPLICATION

### A.   Procedural History

#### 1.   Plaintiff's Prior Action

Prior to filing the current libel case against Defendant, on July 12, 2006, Plaintiff filed an action against the same Defendant in the Circuit Court of the Eighteenth Judicial Circuit for Brevard County, Florida, seeking to hold Defendant liable for libel *per se* and libel *per quod*. On August 21, 2006, Defendant filed a notice of removal in this Court, which Plaintiff did not contest. *See Masone v. Libeskind,* 6:06-cv-1242-Orl-31JGG, Docket No. 1 ("the Prior Action"). In the Prior Action, Plaintiff alleged that Defendant owns and moderates a forum on a website in which Defendant and other individuals make libelous statements. 6:06-cv-1242-Orl-31JGG, Docket No. 2 (complaint). Defendant filed a motion to dismiss for lack of personal jurisdiction and failure to state a claim. 6:06-cv-1242-Orl-31JGG, Docket No. 3. Plaintiff did not file a memorandum in opposition. On September 29, 2006, the district court granted the motion; dismissed the complaint against Defendant for lack of personal jurisdiction; and directed the Clerk to close the case. 6:06-cv-1242-Orl-31JGG, Docket No. 12.

#### 2.   Plaintiff's Current Action

On December 15, 2006, Plaintiff filed another complaint (the complaint in the case now before the Court) in the Circuit Court of the Eighteenth Judicial Circuit for Brevard County, Florida, *Masone*

*v. Libeskind*, Case No. 05-2006-CA-068121, seeking to hold Defendant liable for libel *per se* and libel *per quod*. Docket No. 1. In this complaint, Plaintiff also alleges that Defendant owns and moderates a forum on a website in which Defendant and other individuals make libelous statements. Docket No. 2.

Plaintiff further claims that as a result of these statements, Plaintiff "has suffered significant injury, specifically a loss of business income and livelihood as a result of these posts." *Id.* at 3, ¶ 27. In the complaint under the heading "Parties, Jurisdiction, and Venue," Plaintiff alleges that "[t]his is an action for damages in excess of $15,000 in Brevard County, Florida" and that "[d]amages in this cause will not exceed $75,000." *Id.* at 1, ¶¶ 1-2. Under Count I (libel *per se*), Plaintiff demands "in excess of $15,000. Under Count II (libel *per quod*), Plaintiff states that "[t]his is an action for damages exceeding $15,000" and that "[t]he Internet traffic of Plaintiff's Website . . . was severely reduced during the period of publication [of libelous statements by Defendant] resulting in a loss of $100,000.00 in income during the ten (10) month period." *Id.* at 4-5, ¶¶ 40, 46.

        3.      <u>Removal and Plaintiff's "Objection to Removal"</u>

On January 23, 2007, Defendant filed in this Court a notice of removal, removing the action from the state court to that United States District Court for the Middle District of Florida, Orlando Division on the basis that this Court has original subject matter jurisdiction over the case through diversity jurisdiction. Docket No. 1. In the notice of removal, Defendant observes that although Plaintiff's current complaint alleges that the damages will not exceed $75,000, this claim is inconsistent with Plaintiff's allegations (in the same complaint) that he lost $100,000 in income, and with Plaintiff's complaint in the Prior Action, which made no specific demand for damages other than stating that they exceeded $15,000. *Id.* at 3, ¶ 6.

On January 25, 2007, Plaintiff filed an "Objection to Removal" in which Plaintiff asks the Court to "deny removal jurisdiction" on the grounds that: 1.) "there are sufficient factual allegations for personal jurisdiction"; 2.) "Defendants [sic] are using Diversity [sic] jurisdiction as a form of harassment in that they are aware that Defendant does business in Florida, and that Defendant has employees in Florida however [sic] they still to [sic] remove the case to Federal court"; 3.) "[t]here exists no federal question on the issues"; "[i]n the New [sic] complaint the Plaintiff certifies that damages will not exceed $75,000"; and 4.) "the Plaintiff accepts that damages exceeding $75,000 cannot be proven [sic] that he would be limited to an amount less than the jurisdictional amount." Docket No. 6. at 1-2, ¶¶ 6-10. Plaintiff therefore asks the Court "to set aside its order dismissing the above captioned case for lack of personal jurisdiction and allowing the parties to continue with case management." *Id.* at 2.

Defendant, treating Plaintiff's Objection as a motion to remand, filed a memorandum in opposition on February 6, 2007. Docket No. 18. Defendant argues that while Plaintiff's complaint "certifies" that the damages will not exceed $75,000, the complaint also alleges over $100,000 in damages. *Id.* at 3. Defendant also notes that in the Objection, Plaintiff moves that the Court set aside the order dismissing the Prior Action, and asks the Court to deny Plaintiff's "cavalier request." *Id.* at 3-4.

On January 26, 2007, Defendant filed a motion to dismiss (also now before the Court) seeking dismissal on the grounds that the dismissal of the Prior Action bars the current action pursuant *res judicata* or collateral estoppel; that Plaintiff failed to personally serve Defendant; that the Communications Decency Act provides Defendant immunity from the libel claims; and that Plaintiff's

complaint fails to state a sufficient claim for libel. Docket No. 12. Plaintiff filed a memorandum in opposition. Docket No. 14.

### B.    Analysis

First, in his Objection to Removal, Plaintiff improperly argues issues and seeks relief related to the Prior Action, and appears to confuse personal jurisdiction with subject matter jurisdiction. Plaintiff's motion asking the Court to set aside an order dismissing a different but related case for lack of personal jurisdiction and to allow the parties to "continue with case management" should be denied. However, Plaintiff's "Objection to Removal" also "moves this honorable court to deny removal jurisdiction." Docket No. 6 at 1. The Court therefore interprets the Objection to Removal as a motion to remand the case to the state court.

Defendant has not met his burden of establishing that this Court has original subject matter jurisdiction over this case. Plaintiff specifically claimed less than the requisite jurisdictional amount by alleging in his complaint that "[d]amages in this cause will not exceed $75,000." Docket No. 1 at 1, ¶ 2. Plaintiff's allegation that he lost $100,000 in income is not inconsistent with Plaintiff's claim for damages that do not exceed $75,000. No matter what the proof, Plaintiff has waived any right to recover more than $75,000. There is no proof to a "legal certainty" that Plaintiff would not recover more than $75,000 if Plaintiff prevailed.

Defendant does not explicitly argue that the "legal certainty" test does not apply. In his memorandum in opposition, however, Defendant cites only cases in which each plaintiff failed to specifically allege an amount in controversy or the total amount in damages demanded. *See* Docket No. 18 at 3. Even assuming that Plaintiff's claim that the damages will not exceed $75,000 is an unclear statement of the amount in controversy as a result of Plaintiff's claim that he lost $100,000,

Defendant also failed to prove the amount in controversy by a preponderance of the evidence. Plaintiff has stated that he cannot prove damages exceeding $75,000, and the Court must resolve all doubts against removal. *See Diaz*, 85 F.3d at 1505.

Accordingly, it is

**RECOMMENDED** that Plaintiff's motion to remand [Docket No. 6] be **GRANTED** in part and **DENIED** in part. The case should be remanded to Circuit Court of the Eighteenth Judicial Circuit for Brevard County, Florida, *Masone v. Libeskind*, Case No. 05-2006-CA-068121. Plaintiff's motion asking the Court to set aside an order dismissing a different but related case for lack of personal jurisdiction and to allow the parties to "continue with case management" should be **DENIED**. It is

**FURTHER RECOMMENDED** that Defendant's Motion to Dismiss [Docket No. 10] be **DENIED** as moot (as this Court lacks original subject matter jurisdiction over this case), and the Clerk be directed to close the case.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on February 13, 2007.

_____
JAMES G. GLAZEBROOK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Honorable Gregory A. Presnell
Counsel of Record
Unrepresented Party
Courtroom Deputy