**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**THOMAS MASONE,**

                **Plaintiff,**

**-vs-**                                       **Case No. 6:07-cv-107-Orl-31JGG**

**MICHAEL LIBESKIND,**

                **Defendant.**

## ORDER

On February 13, 2007, Magistrate Judge Glazebrook entered a Report and Recommendation (Doc. 21), recommending that Plaintiff's Objection to Removal, which was construed as a Motion to Remand, (Doc. 6) be GRANTED in part and DENIED in part, and that Defendant's Motion to Dismiss (Doc. 10) be DENIED as moot. Defendant filed timely objections to the Report (Doc. 22). Plaintiff responded on March 13, 2007 (Doc. 24). Upon *de novo* review of the above, the Court concurs with the recommendation of the Magistrate Judge.

Defendant argues that Judge Glazebrook applied an incorrect standard when addressing the motion to remand. Essentially, Defendant argues that the location of Plaintiff's specification of damages in his complaint should determine the standard applied in removal cases.[1] This Court finds such a rule contrary to the well-established principal that the removal statute is to be

---

[1] Defendant relies on *Golden v. Dodge-Markham Co., Inc.*, 1 F.Supp. 2d 1360 (M.D. Fla. 1998) (Kovachevich, J.) to support this argument.

narrowly construed and all doubts should be resolved in favor of remand. *Burns v. Windsor Insurance Co.,* 31 F.3d 1092, 1095 (11th Cir. 1994).

On the first page of Plaintiff's complaint, he states that "[d]amages in this case will not exceed $75,000." (Doc. 2 at 1).  Plaintiff's complaint is signed by his attorney and therefore this statement is given deference and presumed to be true. *Id.*  The Eleventh Circuit has held that, where Plaintiff's complaint specifies an amount of damages less than the jurisdictional amount, remand is appropriate unless Defendant can show that, "if plaintiff prevails on liability, an award below the jurisdictional amount would be outside the range of permissible awards because this case is clearly worth more than [$75,000]." *Id.* at 1096.  The fact that Plaintiff's specification is not in an *ad demnum* clause is irrelevant.  The Federal Rules of Civil Procedure do not require that a complaint conform to any specific format, and certainly do not require an *ad demnum* clause.  In light of the long standing principal that provides for deference to Plaintiff's complaint and choice of forum, such a formalistic distinction would be entirely inappropriate. *See id.* at 1095.  Therefore, this Court finds that Judge Glazebrook was correct in requiring Defendant to show to a legal certainty that the amount in controversy requirement was met.

Defendant makes no argument that he has met the legal certainty standard, and this Court agrees with Judge Glazebrook's assessment that he has not.

Accordingly, it is

**ORDERED** that the Report and Recommendation of the Magistrate Judge is **ADOPTED** and **CONFIRMED**, Plaintiff's Motion to Remand (Doc. 6) is **GRANTED** in part and **DENIED** in part and the Defendant's Motion to Dismiss (Doc. 10) is **DENIED** as moot. This case is hereby **REMANDED** to the Circuit Court of the Eighteenth Judicial Circuit for Brevard County, Florida, and the Clerk is directed to close the file.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on March 14, 2007.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

United States Magistrate Judge
Counsel of Record
Unrepresented Party